```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

MICHAEL VERNON SHARPE                         CIVIL ACTION

VERSUS                                        NO: 13-161

AMERICAN NATIONAL PROPERTY                    SECTION: R(5)
AND CASUALTY COMPANY

### ORDER AND REASONS

Defendant American National Property and Casualty Company moves the Court for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on plaintiff's extra-contractual and tort claims. For the following reasons, the Court GRANTS defendant's motion.

### I.   BACKGROUND

Plaintiff Michael Sharpe is a LaPlace, Louisiana homeowner. He purchased a Standard Flood Insurance Policy (SFIP) from defendant ANPAC.[1] The insurance under a SFIP is provided through the National Flood Insurance Program (NFIP), which is administered by the Federal Emergency Management Agency under the National Flood Insurance Act (NFIA). *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005) ["*Wright I*"]. "The terms of SFIP policies are dictated by FEMA." *Id.* Although ANPAC is nominally plaintiff's insurer, "[p]ayments on SFIP claims ultimately come from the federal treasury." *Id.* In administering

---

[1]  R. Doc. 1 at 1.

the policy, ANPAC acts as a "fiscal agent of the United States," and is known as a Write Your Own insurer. *Id.*

In August 2012, plaintiff's property sustained flood and wind damages as a result of Hurricane Isaac.[2] Plaintiff thereafter filed a flood claim with ANPAC for flood damages to his property.[3]

In January 2013, plaintiff sued ANPAC, asserting that the amount he has received thus far from ANPAC has not fully compensated him for his covered losses.[4] His complaint includes claims for breach of contract, "failure to tender payment for casualty losses," and other, unspecified causes of action "that will be determined at trial."[5] Plaintiff seeks compensatory damages, as well as "special damages, penalties, court costs, attorneys' fees, together with legal interest."[6]

ANPAC now moves to dismiss plaintiff's extra-contractual and tort claims.[7] Plaintiff has not filed a response.

---

[2] *Id.* at 2. Plaintiff's complaint states that the damage was sustained in August 2011, but the Court assumes that this was a typographical error, as Hurricane Isaac occurred in 2012.

[3] *Id.*

[4] *Id.* at 2-3.

[5] *Id.* at 3.

[6] *Id.* at 4.

[7] R. Doc. 16.

**II. LEGAL STANDARD**

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In deciding a motion under Rule 12(c), a court must determine whether the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief. *Id.*; *see generally* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1368 (3d ed. 2013). In deciding this motion, the Court must look only to the pleadings, *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), and exhibits attached to the pleadings, *see Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998).

**III. DISCUSSION**

ANPAC is correct that, to the extent that plaintiff alleges extra-contractual and state law tort claims, these claims must be dismissed.

The regulations promulgated by FEMA under the National Flood Insurance Act of 1968 provide that "all disputes arising from the handling of any claim under [a SFIP] are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 . . . and Federal common law." 44

C.F.R. pt. 61, App. A(1), Art. IX. These regulations expressly preempt state law tort claims arising from claims handling by a WYO. *C.W. Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 344-45 (5th Cir. 2005); *see also Wright I*, 415 F.3d at 390. Furthermore, the Fifth Circuit has held that the NFIA does not explicitly or implicitly authorize extra-contractual claims against WYO insurers based on federal common law. *See Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir. 2007) ["*Wright II*"]. In other words, insureds under SFIP policies have one remedy, and only one remedy for nonpayment of claims: a suit for breach of contract. *See* 42 U.S.C. § 4072 (authorizing such suits). Here, plaintiff's claims stem solely from his claims under the standard policy issued by ANPAC, which is a WYO insurer under the NFIP. *Gallup, Wright I*, and *Wright II* thus expressly prohibit any state law or extra-contractual claims in this context.

Plaintiff is also precluded from recovering attorneys fees under state law. *See West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978) ("[A] prevailing plaintiff in a suit on a flood insurance policy issued pursuant to the N[FIA] is not entitled to recover . . . attorneys' fees allowed by state insurance law for arbitrary denial of coverage."); *Midland Mortg. Co. v. State Farm Fire & Cas. Co.*, No. 07-4910, 2009 WL 1789419, at *4 (E.D. La. June 23, 2009) (following *West*); *Miller v. Omaha Prop. & Cas. Ins. Co.*,

4

No. Civ.A. H-95-4942, 1997 WL 33833419, at *3 (S.D. Tex. Sep. 4, 1997) (same).

Neither can plaintiff recover legal interest. In *Newton v. Capital Assurance Co.*, 245 F.3d 1306 (11th Cir. 2001), the Eleventh Circuit held that prejudgment interest awards against WYO companies constitute direct charges on the public treasury and thus are precluded by the "no-interest rule," which provides immunity to the United States from interest awards. *Id.* at 1312; *cf. In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987) (award of prejudgment interest in suits against FEMA is precluded by sovereign immunity). The Fifth Circuit has cited *Newton* with approval for this proposition, *see Monistere v. State Farm Fire & Cas. Co.*, 559 F.3d 390, 398 (5th Cir. 2009), and other courts in this district have followed *Newton*, *see Miceli v. Hartford Fire Ins. Co.*, No. Civ.A. 03-2724, 2004 WL 253457, at *2-4 (E.D. La. Feb. 10, 2004). Accordingly, the Court holds that plaintiff's request for legal interest is prohibited by the no-interest rule.

## IV. CONCLUSION

For the foregoing reasons, ANPAC's motion to dismiss plaintiff's extra-contractual and tort claims is GRANTED.

New Orleans, Louisiana, this __20th__ day of November, 2013.

*[Signature: Sarah Vance]*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE