UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL VERNON SHARPE                                CIVIL ACTION

VERSUS                                               NO: 13-161

AMERICAN NATIONAL PROPERTY                           SECTION: R(5)
AND CASUALTY COMPANY

**ORDER AND REASONS**

Plaintiff Michael Sharpe moves the Court to compel appraisal.[1] Because the parties do not agree on the scope of coverage under plaintiff's insurance policy, plaintiff's invocation of the appraisal clause is improper. Accordingly, the Court DENIES plaintiff's motion.

**I.   BACKGROUND**

Plaintiff Michael Sharpe is a LaPlace, Louisiana homeowner. He purchased a Standard Flood Insurance Policy (SFIP) from defendant ANPAC.[2] The insurance under a SFIP is provided through the National Flood Insurance Program (NFIP), which is administered by the Federal Emergency Management Agency under the National Flood Insurance Act (NFIA). *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 385-86 (5th Cir. 2005). "The terms of SFIP policies are dictated by FEMA," *id.* at 386, and are currently found in the Code of Federal

---

[1]   R. Doc. 27.

[2]   R. Doc. 1 at 1.

Regulations at 44 C.F.R. pt. 61, app. (A)(1). Although ANPAC is nominally plaintiff's insurer, "[p]ayments on SFIP claims ultimately come from the federal treasury." *Wright*, 415 F.3d at 386. In administering the policy, ANPAC acts as a "fiscal agent of the United States," and is known as a Write Your Own insurer. *Id.*

In August 2012, plaintiff's property sustained flood and wind damages as a result of Hurricane Isaac.[3] Plaintiff thereafter filed a flood claim with ANPAC for flood damages to his property.[4] In the current lawsuit, plaintiff alleges that the amount he has received thus far from ANPAC has not fully compensated him for his covered losses.[5] Specifically, plaintiff contends that ANPAC has paid only $118,845.05 for building damages, when actual damages totaled over $250,000, and that ANPAC did not pay for the replacement of several covered items.[6]

In April 2014, plaintiff's counsel contacted counsel for ANPAC and indicated his wish to invoke the appraisal clause of the SFIP.[7] But ANPAC contends that plaintiff is not entitled to an appraisal because "there is a sharp disagreement between the parties as to

---

[3] *Id.* at 2.  Plaintiff's complaint states that the damage was sustained in August 2011, but the Court assumes that this was a typographical error, as Hurricane Isaac occurred in 2012.

[4] *Id.*

[5] *Id.* at 2-3.

[6] R. Doc. 27-1 at 2.

[7] R. Doc. 27-3.

the scope of what was damaged by flood."[8] ANPAC also argues that plaintiff's proposed appraiser is not impartial, as is required by the terms of the SFIP.

## II.   DISCUSSION

The appraisal clause in the SFIP provides as follows:

> If [the insured] and [the insurer] fail to agree on the actual cash value or, if applicable, replacement cost of the damaged property to settle upon the amount of loss, then either may demand an appraisal of the loss. In this event, [the insured] and [the insurer] will each choose a competent and impartial appraiser within twenty days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, [the insured] or [the insurer] may request that the choice be made by a judge of a court of record in the state where the covered property is located. The appraisers will separately state the actual cash value, the replacement cost, and the amount of loss as to each item. If the appraisers submit a written report of an agreement to [the insurer], the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of actual cash value and loss, or if it applies, the replacement cost and loss.
> Each party will:
> 1. Pay its own appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally.

44 C.F.R. pt. 61, app. A(1), art. VII(P).

FEMA has issued guidelines concerning the "Proper Invocation and Usage of the Appraisal Clause Provisions in the Standard Flood Insurance Policy."[9] These guidelines are "given 'controlling weight

---

[8]   R. Doc. 28 at 1.

[9]   R. Doc. 27-4.

unless [they are] plainly erroneous or inconsistent with the regulation.'" *Worthen v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 463 F. App'x 422, 426 (5th Cir. 2012) (internal quotation marks omitted) (quoting *Stinson v. United States*, 508 U.S. 36, 45 (1993)). According to those guidelines,

> [t]he SFIP Appraisal process is a mechanism for resolving only disputes regarding the dollar amounts to be paid for flood damages covered by the SFIP. The Appraisal process **cannot** be used as a method to determine scope of damages, coverage under the SFIP, or causation of damages.
> . . . .
> For the appraisal clause to be properly invoked, . . . [t]he named insured and the issuer of the SFIP must agree to the scope of loss and damages. . . . This means that a claim cannot be partially resolved by the Appraisal process and partially resolved by other means (such as . . . through litigation). Appraisal can only be used when it will result in complete resolution of the entire claim.[10]

Here, the appraisal clause has not been properly invoked because the parties do not agree to the scope of the damages. In its brief, ANPAC points out that the parties dispute whether the SFIP covers several items of damage -- for example, the cost of inspecting and possibly replacing the "builder board" between the studs and the brick exterior of plaintiffs' home and the cost of removing and replacing plaintiff's ceramic tile flooring.[11] Such disputes over coverage cannot be resolved by the appraisal process. *See De La Cruz v. Bankers Ins. Co.*, 237 F. Supp. 2d 1370, 1374

---

[10] *Id.* at 2 (emphasis in original).

[11] *See* R. Doc. 28 at 2; R. Doc. 28-1 at 14-16, 19, 24.

(S.D. Fla. 2002); *Stevens v. Allstate Ins. Co.*, No. 13-5102, R. Doc. 39 at 4-5 (E.D. La. May 5, 2014) (Fallon, J.).

Plaintiff apparently concedes that the coverage *vel non* of certain items is disputed, because he proposes that ANPAC "be directed to pay the appraisal value of non-disputed portions of the claim" and that the parties then "litigate the pricing of disputed items."[12] But this is not permissible. Under the terms of the SFIP, "Appraisal cannot be used as a means to resolve some issues and not others because of the necessity of having an agreed-to scope of loss before invoking the clause."[13] "This means that Appraisal would only be available after a lawsuit is filed if it would result in a resolution of all claims of the insured and a dismissal of the lawsuit."[14] Here, appraisal would not resolve the entire suit because, again, the parties do not agree to the scope of loss. Thus, the appraisal clause may not be invoked. *See Stevens*, No. 13-5102, R. Doc. 39 at 5.[15]

---

[12] R. Doc. 27-1 at 3.

[13] R. Doc. 27-4 at 3.

[14] *Id.; see also id.* at 2 ("[A] claim cannot be partially resolved by the Appraisal process and partially resolved by other means (such as . . . through litigation).").

[15] In view of this disposition of defendant's motion, the Court need not address ANPAC's argument that plaintiff has not selected an impartial Appraiser.

**III. CONCLUSION**

    For the foregoing reasons, the Court DENIES plaintiff's motion to compel appraisal.

    New Orleans, Louisiana, this __3rd__ day of June, 2014.

              _____*Sarah Vance*_____
                    SARAH S. VANCE
             UNITED STATES DISTRICT JUDGE